<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| SHAKIR BERRIAN, | : : : : : : : : : : : | Civil Action No. 21-5348 (BRM) |
| Petitioner, | | |
| v. | | **OPINION** |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

Before the Court is Petitioner Shakir Berrian's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (ECF No. 1, "Motion"), and his request to amend his § 2255 Motion (ECF No. 13). Following an order to answer, the Government filed a response to the motion. (ECF No. 7). In response to this Court's order requesting briefing on the issue of timeliness (ECF No. 14), the Government provided supplemental briefing arguing the § 2255 motion is timely (ECF No. 16). For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED** and a certificate of appealability will not issue. Additionally, Petitioner's request to amend his § 2255 Motion is **DENIED**.

**I. BACKGROUND**

On March 9, 2017, Petitioner was charged with Hobbs Act robbery, 18 U.S.C. § 1951(a) and (2) (Count One); carjacking, 18 U.S.C. § 2119(1) and (2) (Count Two); and knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) and (2) (Count Three). (Crim. Docket No. 18-562, ECF No. 14.) Count Three specifically related to the carjacking charged in Count Two. (*See* Crim. Docket No. 18-562, ECF

Nos. 14 & 18, at 1.) On September 18, 2018, Petitioner pled guilty to all three counts charged pursuant to a plea agreement. (*Id.*, ECF No. 18). As part of his plea agreement, the parties agreed to a sentence within the range of 85 to 120 months' imprisonment. (*Id.*) On March 20, 2019, the Honorable William H. Walls, United States District Judge, District of New Jersey, sentenced Petitioner to 120 months' imprisonment and five years' supervised release. (*Id.*, ECF No. 21.)

On April 25, 2019, Petitioner filed a notice of appeal. (*Id.*, ECF No. 22.) The Court of Appeals for the Third Circuit appointed counsel, and on February 11, 2020, Petitioner filed a motion to voluntarily withdraw his appeal. (*See* App. No. 19-1982, Motion to Withdraw Case.) On February 12, 2020, the Court of Appeals dismissed Petitioner's appeal. (*See id.*, Order Dismissing Appeal.) On March 4, 2021, Petitioner filed his § 2255 Motion arguing his conviction for violating § 924(c) must be vacated because under *United States v. Davis*, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019), the predicate conviction for Hobbs Act robbery no longer constitutes a crime of violence. (ECF No. 1.)

**II.  LEGAL STANDARD**

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides in relevant part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*,

599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).  A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005).

### III. DECISION

#### A. *Davis* Claim

In his motion to vacate sentence, Petitioner argues that his §924(c) conviction must be overturned because it was dependent upon his conviction for Hobbs Act robbery, which no longer qualifies as a crime of violence under the rule announced by the Supreme Court in *Davis*.

Section 924(c) provides in relevant part that:

> any person who, during and in relation to a *crime of violence* or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. §924(c)(1)(A) (emphasis added). The term "crime of violence" in § 924(c)(1)(A) is explicitly defined in 18 U.S.C. § 924(c)(3) to mean a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3)(A) is known as the statute's "elements clause," while § 924(c)(3)(B) is known as the "residual clause." The residual clause's constitutionality was addressed in *Davis*, where the Supreme Court concluded that the residual clause was unconstitutionally vague. 139 S. Ct. at 2325–2333. Therefore, for a crime to fall within the definition of a "crime of violence" under section 924(c), it must satisfy the elements clause. *Id.* Under the elements clause, a crime constitutes a valid "crime of violence" where the "offense is a felony" and it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 2324.

Petitioner's argument that his conviction for violating §924(c) should be vacated because Hobbs Act robbery no longer qualifies as a crime of violence factually inaccurate. Petitioner's §924(c) conviction was premised on his carjacking conviction, not his Hobbs Act robbery conviction. (*See* Crim. Docket No. 18-562, ECF No. 14, at 2 and ECF No. 18, at 1.) Count three specifically charged that "during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, namely, the carjacking charged in Count Two of this Information, did knowingly use and carry a firearm, which firearm was brandished, and did aid and abet the same." (*See id.*, ECF No. 14, at 2.)

Petitioner's conviction for carjacking constitutes a crime of violence under §924(c) elements clause. The Third Circuit Court of Appeals addressed this issue in a non-precedential decision and found carjacking in violation of 18 U.S.C. § 2119 is a crime of violence under § 924(c)'s elements clause. *United States v. Smith*, No. 19-2257, 2021 WL 2135947 (3d Cir. May 11, 2021). The Third Circuit held that "reasonable jurists would not debate the conclusion that

carjacking in violation of 18 U.S.C. § 2119 categorically constitutes a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A)." 2021 WL 2135947 at *1. While that decision is non-precedential, the Third Circuit Court of Appeals issued a precedential opinion finding a bank robbery statue with the same language as the carjacking statute at issue here satisfies §924(c)'s elements clause.[1] *United States v. Wilson*, 880 F.3d 80, 82 (3d Cir. 2018). Additionally, numerous other circuit courts have held carjacking in violation of § 2119 is a crime of violence under § 924(c)'s elements clause. *See United States v. Felder*, 993 F.3d 57, 79 (2d Cir. 2021); *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019); *United States v. Evans*, 848 F.3d 242, 246-48 (4th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740-41 (5th Cir. 2017); *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019). For these reasons, the Court find Petitioner's conviction for carjacking in violation of §2119 is a crime of violence under the elements clause of §924(c)(3)(A). Therefore, Petitioner's conviction under §924(c) is valid.

Additionally, even if Petitioner's §924(c) conviction had been dependent upon his conviction for Hobbs Act robbery, that claim also fails. In *United States v. Walker*, 990 F.3d 316, 326 (3d Cir. 2021), the Third Circuit expressly held that a "completed Hobbs Act robbery necessarily has as an element the use, attempted use, or threatened use of physical force against the person or property of another and is therefore categorically a crime of violence." Under Third Circuit precedent Hobbs Act robbery qualifies as a "crime of violence" to support at §924(c) charge. Consequently, Petitioner's argument fails because if Petitioner's §924(c) conviction was

---

[1] The bank robbery statute reads: "Whoever *by force and violence, or by intimidation*, takes, or attempts to take, from the person or presence of another . . . ." 18 U.S.C. § 2113(a). The carjacking statute reads: "Whoever, with the intent to cause death or serious bodily harm, takes a motor vehicle . . . from the person or presence of another *by force and violence or by intimidation*, or attempts to do so . . . ." 18 U.S.C. § 2119 (emphasis added).

5

predicated on his Hobbs Act robbery the conviction is lawful. Petitioner's §924(c) conviction was valid and the Court will deny his §2255 motion.

### B. Request to Amend

Petitioner filed a letter seeking to amend his § 2255 motion to add four claims of ineffective assistance of counsel. (*See* ECF No. 13.) Petitioner argues ineffective assistance of counsel for: (1) failing to argue for the government to present Petitioner with all the evidence it had against him; (2) failing to motion for suppression of evidence; (3) failing to petition the court and file for a bench trial; and (4) failing to make arguments at sentencing. (*Id.*)

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. "The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with 'leave of court' any time during a proceeding." *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. Proc. 15(a)). Under Federal Rule of Civil Procedure 15, leave to amend pleadings shall be "freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to permit amendment is left to the discretion of the court, and denial is proper when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Amendment is "futile" if "that claim would not be able to overcome the statute of limitations." *Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001). As is the case with ordinary civil complaints, in habeas corpus petitions, amendments made after the statute of limitations has run must relate back to the date of the original

6

pleading, and the original and amended pleadings must arise out of the same conduct, transaction, or occurrence. *Mayle*, 545 U.S. at 655.

The claims in Petitioner's request to amend his § 2255 motion are time-barred. Section 2255 motions to vacate sentence are subject to a one year statute of limitations which runs from the latest of several possible dates: the date on which the petitioner's conviction becomes final, the date on which an impediment to making his motion is removed, the date on which the Supreme Court first recognizes the claims raised where a claim is based on a newly recognized right made retroactive to cases on collateral review, or the date on which the facts supporting the claim first could have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)–(4). "In most cases, the operative date from which the limitation period is measured will be . . . the date on which the judgment of conviction becomes final." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (internal quotations omitted). When the Court of Appeals affirms a conviction, but the defendant does not petition the Supreme Court for a writ of certiorari, the conviction becomes final upon the expiration of the time allowed to file a certiorari petition (90 days). *Kapral v. United States*, 166 F.3d 565, 571 (3d Cir. 1999); *see also* Sup. Ct. R. 13.

Here, the Court of Appeals dismissed Petitioner's appeal February 12, 2020. Assuming arguendo, Petitioner had ninety days to appeal that voluntary dismissal of his appeal to the Supreme Court, Petitioner's conviction became final May 12, 2020 when that ninety days expired. Petitioner filed his request to amend in December 2021, approximately one-year-and-seven-months after his conviction became final. Therefore, the claims in Petitioner's request to amend are time-barred.

Petitioner's claims in his request to amend do not relate back to his §2255 motion. "An amendment to a pleading relates back to the date of the original pleading when the amendment

asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "An amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650. "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* at 664.

Petitioner's proposed ineffective assistance of counsel claims do not relate back to his original §2255 motion as they are factually and legally distinct from the original claim that Petitioner's §924(c) conviction must be overturned following *Davis*. Petitioner's ineffective assistance of counsel claims relate to evidence in the case, the decision to plea or go to trial, and Petitioner's sentencing. These claims do not share a common core of operative facts with the claim raised in his original §2255 motion. The proposed ineffective assistance claims relate the reasonableness of counsel's actions prior to Petitioner's plea and at sentencing, while his original claim relates to legality of his §924(c) conviction. Nothing in Petitioner's original §2255 motion related to the effectiveness of counsel's representation. As such, Petitioner's newly proposed claims do not relate back to his original motion. The request to amend (ECF No. 13) is therefore denied.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.

## V. CONCLUSION

For the reasons stated above, Petitioner's motion to vacate sentence (ECF No. 1) is **DENIED** and Petitioner is **DENIED** a certificate of appealability. Petitioner's request to amend (ECF No. 13) is also **DENIED**. An appropriate order follows.

Dated: March 8, 2022

                                              */s/ Brian R. Martinotti*
                                              **HON. BRIAN R. MARTINOTTI**
                                              **UNITED STATES DISTRICT JUDGE**